FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

SEP 05 2013

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Cause No. 1:13-CR-96 |
| § | (Judge Marcia Crone) — Hawthorn |
| JUAN SAENZ-TAMEZ (1) § | |
| a/k/a. "Panochitas", a/k/a, "Panochas", § | |
| JUAN ALBERTO CORREA (2) § | |
| a/k/a, "Juanito", a/k/a "Werco", § | |
| JUAN GARZA CORREA (3) § | |
| a/k/a, "Primo", § | |
| RICKY ST. JULIEN (4) § | |
| RONELLE PORTER (5) § | |
| a/k/a, "Ron", § | |
| MARK LOTTIG (6) § | |
| DONALD RAY SIMIEN (7) § | |
| a/k/a, "Ray", § | |
| CHRISTOPHER OMIGIE (8) § | |
| a/k/a, "Chief" § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
Conspiracy with intent to distribute
a controlled substance (cocaine
HCL).

That from on or about 2003, the exact date being unknown to the Grand Jury, and continuing thereafter until September 4, 2013, in the Eastern District of Texas and elsewhere **Juan Saenz-Tamez**, a/k/a, "Panochitas", a/k/a, Panochas", **Juan Alberto Correa**, a/k/a, Juanito", a/k/a, "Werco", **Juan Garza-Correa**, a/k/a, "Primo", **Ricky St.**

**Julien, Ronelle Porter**, a/k/a, "Ron", **Mark Lottig, Donald Ray Simien**, a/k/a, "Ray" and **Christopher Omigie**, a/k/a, "Chief", defendants, did knowingly and intentionally combine, conspire, confederate and agree with each other and with persons known and unknown to the Grand Jury to distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21 U.S.C. § 846.

## Count Two

> Violation: 21 U.S.C. § 846
> Conspiracy with intent to distribute
> a controlled substance (Marijuana).

That from on or about December 1988, the exact date being unknown to the Grand Jury, and continuing thereafter until September 4, 2013, in the Eastern District of Texas and elsewhere **Juan Saenz-Tamez**, a/k/a, "Panochitas", a/k/a, Panochas", defendant, did knowingly and intentionally combine, conspire, confederate and agree with persons known and unknown to the Grand Jury to distribute and possess with intent to distribute one-thousand (1,000) kilograms or more of a Schedule I controlled substance, namely, marijuana.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, all in violation of 21 U.S.C. § 846.

## Count Three

> Violation: 18 U.S.C. § 1956(h)
> Conspiracy to launder monetary instruments.

That from on or about, 2003 the exact date being unknown to the Grand Jury, and continuing thereafter to September 4, 2013, in the Eastern District of Texas and elsewhere, **Juan Saenz-Tamez**, a/k/a, "Panochitas", a/k/a, Panochas", **Juan Alberto Correa**, a/k/a, Juanito", a/k/a, "Werco", **Juan Garza-Correa,** a/k/a, "Primo", **Ricky St. Julien, Ronelle Porter**, a/k/a, "Ron", **Mark Lottig, Donald Ray Simien**, a/k/a, "Ray" and **Christopher Omigie**, a/k/a, "Chief", defendants, did knowingly, willfully and unlawfully conspire, combine, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to commit offenses against the United States, that is, to conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, to wit: conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of a Schedule II controlled substance, namely cocaine HCL, in violation of 21 U.S.C. § 846, knowing that the property involved represented the proceeds of some form of unlawful activity, with the intent to conceal and disguise the nature, source, or ownership of such proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), said financial transactions being the receiving of or attempting to receive and the delivery or attempted delivery of a bulk money shipments of United States currency received from purchasers of cocaine HCL for the purpose of delivery to co-conspirators in the Southern District of Texas via transportation of the tainted proceeds through the Eastern District of Texas.

In violation of 18 U.S.C. § 1956(h) and 18 U.S.C. § 2.

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 21 U.S.C. § 853 and § 881

Upon conviction of the controlled substance offense alleged in Count One of this indictment, defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

## MONEY JUDGMENT

A sum of money equal to one-hundred-million-dollars ($100,000,000.00) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and possess with intent to distribute five kilograms of more of a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely, cocaine HCL for which the defendants are jointly and severally liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendants any and all interest the defendants has/have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. §§ 853 and/or 881.

A TRUE BILL

_C A J_
GRAND JURY FOREPERSON

JOHN M. BALES
UNITED STATES ATTORNEY

John A. Craft
Assistant United States Attorney

9/5/13
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Cause No. 1:13-CR-96 (Judge Marcia Crone) |
| JUAN SANCHEZ-TAMEZ (1) a/k/a, "Mustard", JUAN ALBERTO CORREA (2) a/k/a, "Juanito", a/k/a, "Werco", JUAN GARZA CORREA (3) a/k/a, "Primo", RICKY ST. JULIEN (4) RONELLE PORTER (5) a/k/a, "Ron", MARK LOTTIG (6) DONALD RAY SIMIEN (7) a/k/a, "Ray", CHRISTOPHER OMIGIE (8) a/k/a, "Chief" | § § § § § § § § § § § § § § | |

## NOTICE OF PENALTY

### Counts One & Two

Violation: 21 U.S.C. § 841(a)(1); 21 U.S.C. § 846

Penalty: Not less than ten (10) years nor more than Life imprisonment, a fine not to exceed $4,000,000.00, or both, and supervised release of not less than five (5) years or more than life.

Special Assessment: $100.00

### Count Three

Violation: 18 U.S.C. § 1956(h)

Penalty: Not more than Twenty (20) years imprisonment, a fine not to exceed $500,000.00, or both,

and supervised release of not more than three (3) years.

Special Assessment:   $100.00